# Mississippi Electronic Courts
## Harrison County Circuit Court (Circuit Court - Gulfport)
## CIVIL DOCKET FOR CASE #: 24CI1:16-cv-00045

Biloxi Freezing & Processing, Inc. - MS Corporation et al v.
Mississippi Power Company- MS Corporation
Assigned to: Christopher L. Schmidt

Date Filed: 03/02/2016
Jury Demand: None
Nature of Suit: 177 Fraud
Jurisdiction: General

### Plaintiff

**Biloxi Freezing & Processing, Inc. - MS Corporation**
542 Bayview Avenue
Biloxi, MS 39502

represented by **Joe Sam Owen**
Owen, Galloway & Myers, P.L.L.C.
P.O. Drawer 420
GULFPORT , MS 39501
228-868-2821
Fax: 228-864-6421
Email: jso@owen-galloway.com
*ATTORNEY TO BE NOTICED*

**Michael John Avenatti**
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert P. Myers , Jr.**
Owen, Galloway & Myers, P.L.L.C.
P.O. Drawer 420
GULFPORT , MS 39502
228-868-2821
Fax: 228-868-2813
Email: rpm@owen-galloway.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Gulfside Casino Partnership- MS Corporation**
3300 W. Beach Boulevard
Gulfport, MS 39501

represented by **Joe Sam Owen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael John Avenatti**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert P. Myers , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**John Carlton Dean**

represented by **Joe Sam Owen**
(See above for address)



*ATTORNEY TO BE NOTICED*

**Michael John Avenatti**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert P. Myers , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mississippi Power Company- MS Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2016 | 1 | COMPLAINT against Mississippi Power Company- MS Corporation, filed by John Carlton Dean, Gulfside Casino Partnership- MS Corporation, Biloxi Freezing & Processing, Inc. - MS Corporation. (Attachments: # 1 Civil Cover Sheet) (LB) (Entered: 03/02/2016) |
| 03/15/2016 | 3 | NOTICE of Appearance by Robert P. Myers, Jr on behalf of Biloxi Freezing & Processing, Inc. - MS Corporation, John Carlton Dean, Gulfside Casino Partnership- MS Corporation (Myers, Robert) (Entered: 03/15/2016) |
| 03/15/2016 | 4 | APPLICATION for Admission of Counsel Pro Hac Vice for Michael John Avenatti by Biloxi Freezing & Processing, Inc. - MS Corporation, John Carlton Dean, Gulfside Casino Partnership- MS Corporation. (Attachments: # 1 Exhibit A-Affidavit of Michael John Avenatti, # 2 Exhibit 1-Certificate of Standing) (Owen, Joe) (Entered: 03/15/2016) |
| 03/24/2016 | 5 | APPLICATION for Admission of Counsel Pro Hac Vice for Michael John Avenatti by Biloxi Freezing & Processing, Inc. - MS Corporation, John Carlton Dean, Gulfside Casino Partnership- MS Corporation. (Attachments: # 1 Exhibit A-Amended Affidavit of Michael John Avenatti, # 2 Exhibit 1- Certificate of Standing) (Owen, Joe) (Entered: 03/24/2016) |
| 03/28/2016 | 6 | MISCELLANEOUS DOCUMENT: Clerk's Pro Hac Vice Statement and Report re 5 Application for Pro Hac Vice, by Biloxi Freezing & Processing, Inc. - MS Corporation, John Carlton Dean, Gulfside Casino Partnership- MS Corporation. (Owen, Joe) (Entered: 03/28/2016) |
| 03/28/2016 | 7 | ORDER GRANTING ADMISSION OF COUNSEL PRO HAC VICE. Signed by Judge Christopher L. Schmidt on 03/28/2016. (LF) (Entered: 03/28/2016) |

## MEC Service Center

| Transaction Receipt | | | |
|---|---|---|---|
| 04/01/2016 08:07:28 | | | |
| You will be charged $0.20 per page to view or print documents. | | | |
| MEC Login: | jd99146M | Client Code: | 1353 066600.0911 |
| Description: | Docket Report | Search Criteria: | 24CI1:16-cv-00045 |
| Billable Pages: | 3 | Cost: | 0.60 |

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                          **PLAINTIFFS**
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON
DEAN

CAUSE NO. A2401-16-45

VERSUS                                                  **DEFENDANT**

MISSISSIPPI POWER COMPANY

**FILED**

**MAR 02 2016**

**CONNIE LADNER**
**CIRCUIT CLERK**
BY_____ D.C.

---

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

COMES NOW Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership, and John Carlton Dean ("Plaintiffs") by and through undersigned counsel, and files this Complaint against MISSISSIPPI POWER COMPANY (hereinafter "Defendant"), and alleges as follows:

## INTRODUCTION

This is a lawsuit by multiple Mississippi businesses and individuals seeking damages and injunctive relief against Mississippi Power Company and its goliath spending project, the Kemper facility, which threatens to damage their businesses, their livelihoods and their futures. This lawsuit is not about rates—Plaintiffs do not challenge Mississippi Power's filed rates, or the Public Service Commission's final authority to approve them. Instead, this is a lawsuit about breach of trust and deception, whereby a utility entrusted with the common good and protected by a rate-

making regulatory scheme, deliberately set out as alleged herein to abuse this trust and avoid accountability for its fraud and mismanagement, all the while fleecing the public in the interest of profits.

Importantly, Plaintiffs do not seek the court to change the rates charged Plaintiffs. Instead, Plaintiffs demand that Defendant Mississippi Power and not the ratepayers, bear the responsibility and damages for years of runaway spending, unconscionable excess, incompetence, delay, and mismanagement.

## PARTIES

1.     Plaintiff Biloxi Freezing & Processing, Inc. (hereinafter referred to as "BF&P") is a corporation based in Biloxi, Mississippi.

2.     Plaintiff Gulfside Casino Partnership (hereinafter referred to as "Gulfside") is a corporation based in Gulfport, Mississippi.

3.     John Carlton Dean is an individual who resides in Gulfport, Mississippi.

4.     All Plaintiffs herein purchased electricity from Defendant Mississippi Power Company during the last three years in reliance on Defendant's misrepresentations and have suffered damages as a result thereof.

5.     Defendant, Mississippi Power Company, is an electric utility which owns and operates facilities used to generate, transmit and distribute electricity in southeast Mississippi, including in Gulfport, Biloxi, Hattiesburg, Meridian, Pascagoula, Columbia, Laurel, Waveland, Lucedale and Picayune. Its principal place of business is in Gulfport.

2

## JURISDICTION AND VENUE

6.       This Court has jurisdiction of the persons and the subject matter of this cause of action for damages as well as for additional legal and equitable relief.

7.       Venue is proper in this Court because substantial acts and/or omissions causing the damages to the Plaintiffs occurred in Harrison County, Mississippi.

## FACTUAL BACKGROUND

### I.

### DEFENDANT IMPOSES THE COST OF BUILDING THE KEMPER POWER PLANT ON THE RATE PAYERS

8.       In 2010, Defendant Mississippi Power Company began construction of the Kemper County Integrated Gasification Combined Cycle (IGCC) Power Plant, in De Kalb, Mississippi in Kemper County ("the Kemper Power Plant"). The Kemper Power Plant converts lignite found in the area to a natural gas-like substance called synthesis gas to burn in its turbines. On a per-megawatt basis, the Kemper Power Plant is reported to be *the most expensive utility-scale power plant ever constructed*.

9.       The Kemper Power Plant has been called an expensive "science experiment" because it was intended to showcase a "clean coal" burning facility to demonstrate the viability of the coal industry in an era of growing environmental sensibility. The Kemper Power Plant is an integrated gasification combined cycle (IGCC) facility. It is designed as a combined-cycle power plant and a coal-gasification plant that work together to result in a "cleaner coal" plant. Coal gasification is realized utilizing a technology known as "transport integrated gasification" (TRIG) to convert

3

locally mined lignite coal into natural gas. The natural gas in turn powers turbines to generate electricity, which is then sold in the electric energy market.

10.     Since the inception of the Kemper Power Plant construction project, Defendant has operated with carte blanche to spend unlimited sums of money. Before construction began, Defendant convinced lawmakers to permit it transfer responsibility for construction costs for the Kemper Power Plant onto Mississippi Power Company customers during the pendency of the plant's construction, rather than to wait until it is actually generating electricity. The legislation, known as the Mississippi Base Load Act of 2008, included certain strictures that were supposed to prevent abuse of this pass-through option. In particular, any decision to bill for preconstruction costs required a prior finding affirming the prudency of the costs before "Construction Works In Progress" (CWIP) costs could be shifted to the consumer.[1]

11.     As a result of the perceived financial safety net created by the Base Load Act, Defendant has mismanaged the project, leading to significant delays and cost overruns. The grievous missteps were laid out by the independent monitor hired by Mississippi Public Utilities Staff, the engineering firm POWER Burns and Roe, in an analysis submitted to the Public Utilities Commission in July 2014, which found that "The Kemper Project started with a very aggressive schedule" in which errors were compounded by the faulty management process Defendant had in place. "As activities fell behind schedule, they were simply re-forecasted every month with new completion

_____

[1] Mississippi traditionally did not allow CWIP, because such costs have historically not been considered used and useful in the rendition of utility service to existing ratepayers.

4

dates. Since the schedule was not well developed," the engineers pointed out, "the impact and severity of delays of those near term activities could not be used to measure the impacts on longer term activities. This continued month after month," through late 2011.

12.     "We never had a system," former project engineer Brett Wingo recently admitted. "They threw together these half-a____ schedules that made no sense that you couldn't use as a project management tool. If you took Kemper and put it on a real schedule and then you asked people that were actually responsible for executing their part of the schedule for input, to see if we can keep our promises, that schedule would've blown way out into 2015, possibly beyond. *In 2012, we had a purposely broken project schedule that was designed to confuse everybody.*"

13.     Originally, the Kemper Power Plant was scheduled to start generating power in 2013. However, that date morphed into 2014 during the permitting and regulatory approval process. Mr. Wingo has recently disclosed that he warned executives up the chain of command as early as 2012 that the company would not be able to meet the May 2014 completion deadline. "Basically, I tried to keep the company from going down a road, a bad, bad road," Wingo stated. But his warnings fell on deaf ears. "They [company management] absolutely refuse to take bad news and do anything with it," he said. POWER Burns and Roe has also reported to being aware in November 2012 that the plant would not be ready to begin operations in May 2014.

5

However, in an effort to damage Plaintiffs, Defendant purposefully concealed this knowledge and did not report the delay in its opening date until October 2013.

14.     Then, May 2014 became May 2015, after Defendant claimed that bad weather, faulty estimates and contractor delays required a further postponement. Thereafter, Defendant has told the public that the Kemper Power Plant will not begin operations until the first half of the year at the earliest.   Even that projection has subsequently been revised, and there is no telling whether additional delays will push the date out even further.  According to Mr. Wingo, the opening date slippage has come "Through lies, deceptions and half truths and an unwillingness to confront" the fact that its date projections have been fundamentally unrealistic. *"We chose not to [be truthful] and we did it multiple times,"* says Wingo.

15.     In addition to the construction delays, the rollout of the Kemper Power Plant has also been characterized by a runaway escalation of the original cost estimates by Defendant.  The initial budget projection of $1.8 billion to build the Kemper Power Plant has ballooned to $6.64 billion—a staggering increase of over 275% of the original projected cost.   As soon as it obtained legislative shop-as-you-go authorization, Defendant Mississippi Power, whose assets then totaled approximately $2 billion, petitioned the Mississippi Public Service Commission to approve a $2.2 billion budget. In April 2012, the Public Service Commission placed a $2.88 billion cap on Kemper's costs when it approved a second certificate of convenience and necessity for the project. In June 2012, the company revealed a $366 million cost increase, which Mr. Wingo states

6

the company had been aware before the PSC voted on the new certificate, but purposefully waited until the certificate process was complete before revealing it. In addition, there are numerous other exemptions and exceptions to the cap that defendant has sought to take advantage of through fraud and deception.

16.     To date, Defendant has racked up endless cost increases, including but not limited to the following:

- a $68 million cost increase in October 2014;

- a $25 million cost increase in January 2015;

- a $43 million cost increase in February 2015;

- a $9 million cost increase in June 2015;

- a $25 million in September 2015;

- an $11 million cost increase in November 2015;

- a $110 million cost increase in December 2015; and

- a $7.3 million cost increase in January 2016;

17.     Most recently, on February 2, 2016, Defendant Mississippi Power announced an additional budget-busting $113 million in excess costs, together with a new delay of several months to the completion date for the Kemper Power Plant.

18.     As soon as these mismanagement costs began to pile up, Defendant sought to slip the additional expenditures into the invoices of Mississippi Power Company's ratepayers, including Plaintiffs, in contravention of the law. Defendant Mississippi Power filed for a rate increase with no notice of the filing provided to the

7

ratepayers in the overwhelming majority of the southeastern Mississippi counties constituting Mississippi Power Company's service area. All of its customers were entitled to notice but they did not all receive it. Ratepayers first received notice of Mississippi Power Company's intent to increase rates after the Public Service Commission had already entered an order on April 24, 2012, when an increase in rates was a *fait accompli*. In fact, the increase constituted an eighteen percent hike, even though the petition seeking them only sought to recover the costs of financing—a small fraction of the total project costs.

19.     On January 25, 2013, Defendant Mississippi Power entered into a secret agreement with the Public Service Commission relating to the ongoing amount of pass-through costs for the construction of the Kemper Power Plant. That agreement was negotiated in private meetings and its contents were purposely withheld from the public.

20.     In an order dated August 5, 2014, the Public Service Commission established that any hearing on the prudence of decisions for the construction of the Kemper Power Plant under applicable Mississippi law should be deferred until such time as "the Kemper Project is placed in commercial operation and demonstrates, for a reasonable period, its availability, as indicated by the Commission and Public Utilities Staff in consultation with Independent Monitors."

21.     Mississippi Power asked the Public Service Commission to hike its customers' rates by eighteen percent, totaling $125 million in "construction work in

8

progress" funds in 2013 and $156 million in 2014. In the application process, Defendant Mississippi Power asked the Commission to keep the long-range rate impact information furnished to the Commission confidential, in direct violation of Section 77-3-37, which requires that information regarding changes in rates be "kept open to public inspection." Miss. Code Ann. § 77-3-37(1) (Rev. 2009).

22.    In February 2015, in a further effort to conceal its conduct from Plaintiffs and the public at large, Defendant caused its parent company to sue Mr. Wingo, obtained a gag order against him, and subsequently sought to dismiss the case. Wingo was offered a deal which he rejected as an attempt to pressure him into not filing a complaint with the Occupational Safety and Health Administration and the Department of Labor about the parent company's violations of the Sarbanes-Oxley Act of 2002, which is designed to prevent and address instances of corporate and accounting fraud.

23.    In March 2015, Defendant Mississippi Power sought to further manipulate public opinion in its favor with the misleading claim that a key milestone for its gasifier had been completed, declaring that its "first fire test" had been successful. As Mr. Wingo admits, the announcement "was supposed to soothe everyone's angst over Kemper and get it back on schedule." However, Wingo explains that the reported event was not a true test of the system because a "coal circulation test," which should have preceded the first fire, was not performed until *after* the March announcement. "Back in March, they lit a pilot light on the starter burner. That's it. They didn't raise the temperature on the gasifier, not one bit. They didn't circulate solids. They didn't

9

control the oxygen levels. ***They didn't do anything but lie.***" On information and belief, Defendant engaged in this blatant misrepresentation to cause damage to Plaintiffs.

24.     Defendant went back to the Commission and effectively reinstated the rate increase that the Supreme Court had recently overturned. On or about May 15, 2015 Defendant Mississippi Power filed a 3-tiered rate increase plan with the Mississippi Public Service Commission, styled as a "Traditional Plan," a "2017 Rate Mitigation Plan" and a "2019 Rate Mitigation Plan." In these plans, Defendant sought to obtain the following rate increases:

| TRADITIONAL PLAN | INCREASE AMOUNT | % INCREASE RETAIL REV EX CWIP[2] |
|---|---|---|
| Period 1, June 2015 — May 2016 | $272,949,325 | 41% |
| Period 2, June 2016 — May 2017 | $395,235,822 | 60% |
| **2017 RATE MITIGATION PLAN** | | |
| Period 1, June 2015 — May 2016 | $183,765,685 | 27% |
| Period 2, June 2016 — May 2017 | $382,589,936 | 57% |
| **2019 RATE MITIGATION PLAN** | | |
| Period 1, June 2015 — May 2016 | $158,642,028 | 24% |
| Period 2, January 2016 — December 2016 | $190,059,311 | 28% |
| Period 3, January 2017 — December 2017 | $249,366,311 | 37% |
| Period 4, January 2018 — December 2018 | $222,035,074 | 33% |

---

[2] Construction Work In Progress.

10

| Period 5, January 2019 — December 2019 | $219,807,094 | 33% |

25.     Under the proposed new rate structure, Mississippi Power's 186,000 customers would pay an additional $159 million a year.  A residential customer who with average electric consumption, for example, 1,000 kilowatt hours per month of electricity,[3] would see monthly bills rise from $121 to $144 — increasing as much as bills had decreased after the Supreme Court reversed Defendant's secret rate hike.

26.     In its renewed application, Defendant Mississippi Power requested that the Commission provide "pre-commercial operation rate relief" for portions of the Kemper facility, as well as enter a final prudence filing.  Under Mississippi law, such a prudence finding is a prerequisite to recovering costs, and the requirement had been reinforced by the Mississippi Supreme Court's ruling requiring prudence hearings before any rate hikes, as well as by the Commission's August 2014 order deferring prudence hearings until such time as the plant had begun operations and demonstrated viability.  By seeking the prudence determination before the appointed time, Mississippi Power sought to evade these legal requirements.

27.     At the same time that it was seeking a rate increase, Mississippi Power sought to disarm the public with misleading and deceptive messages directed to the public.  For instance, Defendant took out full-page ads in the *Biloxi Sun-Herald* and *Jackson Clarion-Ledger* and a radio spot on Mississippi radio stations, extolling the

---

[3] In 2014, the average annual electricity consumption for a U.S. residential utility customer was 10,932 kWh, an average of 911 kWh per month.

11

virtues of the Kemper Power Plant.  Among the claims in Mississippi Power's publicity blitz were the following:

- "Kemper was *ordered to be built by the Mississippi Public Service Commission* after extensive hearings regarding the needs of Mississippi Power customers;"
- "Kemper is bringing *jobs, growth and progress to south Mississippi;*"
- "Energy *experts the world over have hailed Kemper* as the future of low-cost, clean energy;" and
- "A recent *Supreme Court decision could result in a rate increase* of 35 to 40 percent."

Each of these claims was either outright false or misleading, and painted a deceitful picture for consumers, including Plaintiffs.

28.     Defendant Mississippi Power further falsely claimed to the Commission that it was running out of cash, could no longer borrow on its own, and could no longer count on its parent, Southern Company.  Consequently, on August 13, 2015, the Commission approved a temporary rate order, finding that Defendant had mismanaged itself to the brink of bankruptcy.  "MPC faces an impending cash shortfall, in which it will run out of funds in November 2015," the Commission found.  "MPC has lost access to the unsecured credit markets, and existing crediting facilities and secured financing are either insufficient or lack capacity to satisfy MPC's funding needs.  MPC's credit rating and credit worthiness have been downgraded and are on a negative watch."  The temporary rate order effectively rationalized making the consumers the *ad hoc* insurer of

12

Defendant's mismanagement: "A company on the edge of bankruptcy presents a financial emergency, and the Commission does not think, at this time, that bankruptcy should serve as the remedy to MPC's financial emergency."

29.    The temporary rate order approved on August 13, 2015 was effective immediately. "With the first billing cycle of September, which starts August 20, that 18 percent will be rolled back on customer bills," Defendant's spokesman Jeff Shepard stated.   Defendant's spokesman admitted that the rate hike flouted the Mississippi Supreme Court's reversal of the previous rate hike: "Basically rates will return to pre-July levels.  What customers had been paying for a little bit more than two years is what they will be paying again."   In November 2015, Defendant Mississippi Power backpedaled and announced it has reached an agreement with PUC Staff to slightly reduce the rate increase from 18 to 15 percent, and Defendant's rate was rubber-stamped by the PUC in December 2015.

30.    Despite the constant syphoning of funds from the ratepayers to the costly Kemper facility, Defendant has failed to curb its out of control spending.  As noted above, in February 2016, Defendant announced an additional $113 million cost increase. Defendant admitted in an 8-K disclosure that, if the plant is delayed past August 31, 2016, it could face added costs of $25 million to $35 million *per month*.

31.    Shockingly, Defendant Mississippi Power continues to falsely portray the Kemper Power Plant as having a positive impact on the local economy.  For example, the Mississippi Power web site states that the Kemper Power Plant "is having a major

13

positive impact on the state's economy, creating thousands of jobs."[4]   The web site claims that "These jobs will increase Mississippi income by $42 million in the first year of operation," omitting all mention of the projected or past cost overruns, the costs to be borne by ratepayers, or the loss of jobs due to the exorbitant costs imposed on Plaintiffs and others.

32.   As for the 2015 transfer of construction costs to its users, Defendant Mississippi Power portrays those as *reductions* in the amounts that consumers will pay: "On Dec. 3, the Mississippi Public Service Commission approved an agreement that established permanent rates for the Kemper County energy facility in-service assets, *lowered bills* and provided an additional credit to Mississippi Power customers."[5] Without mentioning that the late 2015 agreement largely restored a rate hike rejected by the Mississippi Supreme Court, Defendant's web site states that "It *lowered customer rates* by approximately $4.70 for a residential customer using 1,000 kWh of electricity per month from their current level."   Without mentioning that the Dec. 2015 order merely formalizes a private agreement negotiated by Defendant, it instead claims that the order "Terminates the previous 'emergency rates' authorized by the PSC on Aug. 13."   Defendant's web site further states that the Kemper Power Plant generates

---

[4] "State Economic Impact," http://www.mississippipower.com/about-energy/plants/kemper-county-energy-facility/state-economic-impact, accessed on February 26, 2016.

[5]   "Kemper   Rates   &   One-time   Credit,"   http://www.mississippipower.com/about-energy/plants/kemper-county-energy-facility/kemper-rate-facts/cost-recovery-facts,   accessed   on February 26, 2016.

14

electricity "for the benefit of Mississippi Power customers with *no permanent cost recovery.*"

**II.**

## PLAINTIFFS ADVERSELY IMPACTED BY DEFENDANT'S IMPRUDENT, FRAUDULENT AND ARBITRARY ACTS

33.     All of the Plaintiffs have been adversely impacted by the mismanagement of the construction of the Kemper Power Plaint, Defendant's improper attempts to recoup CWIP costs without the required prudency hearing, and its efforts to mute public outcry through concealment, fraud and misinformation.

34.     For example, Plaintiff BF&P is a mid-sized industrial company situated on the Mississippi Gulf Coast specializing in shrimp processing.  The company is responsible for a payroll of approximately 100 employees and supports numerous local subcontractors, businesses, and fishermen.

35.     Over the last two years BF&P has paid approximately $117,058.34 of excess power costs attributable in part to the Kemper County Project.

36.     Indeed, Mississippi Power is consistently ranked in the top two out of thirty-one utilities in the Southeast for higher electrical rates on Mills per kWh, imposing a disproportionate burden upon its users than that borne by consumers who use other providers.

15

37.     As illustrated in the following chart, Plaintiff BF&P is paying over $173,488.26 more than its competitors for electrical utility rates.[6] If BF&P were located under the following utility companies' service area, its rates would be appreciably lower:[7]

| Utility Name | kW rate per hour vs Mississippi Power | BF&P Bill Savings |
|---|---|---|
| Entergy Mississippi | -14.01% | $97,476.28 |
| Entergy New Orleans | -23.57% | $163,909.15 |
| Entergy Louisiana | -24.60% | $171,093.48 |
| Alabama Power | -28.95% | $201,338.62 |
| Entergy Texas | -36.32% | $252,604.58 |
| Southwest Electric Texas | -42.60% | $296,331.43 |
| **Average for all Southeast Utilities** | **-24.94%** | **$173,488.26** |

38.     This information is confirmed by comparing the economics of the Kemper Power Plant combined cycle to other recent combined cycle purchases by utilities in Mississippi:

| Utility Name | Cost Per Kilowatt |
|---|---|
| SMEPA | $332/kW |
| Tennessee Valley Authority | $448/kW |
| Entergy Mississippi, Inc. | $458/kW |
| *Kemper Power Plant* | *$1,100/kW* |

---

[6] Based on figures for the time period of April 2013 – May 2015.

[7] Source: Burbaker & Associates, Inc. Survey of Electricity Costs for an Industrial Customer for January 2015. 50,000 kWh Load, 90% Load Factor, 90% Power Factor and Transmission Service.

16

39.    In a low-margin commodity business like shrimp processing in which Plaintiff BF&P makes a living, any additional cost causes significant damages and places the company in an uncompetitive position.

40.    These gaping discrepancies in the southern electric market have created irresistible incentives for Plaintiffs' business partners to seek to terminate existing commercial relationships with Plaintiffs and to establish relationships with business partners outside of the Kemper projects' inflationary economics; leading to the actual disruption of Plaintiffs' contractual and other business relationships.

## FIRST CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES (MS CODE § 75-24-5)

41.    Plaintiffs reallege the allegations contained in paragraphs 1—39, inclusive, of this Complaint as if fully set forth herein

42.    Plaintiffs are persons who purchased goods or services primarily for personal, family or household purposes and thereby suffered ascertainable losses of money or property, real or personal, as a result of the use or employment by Defendant of a method, act or practice prohibited by Section 75-24-5;

43.    Defendant is the seller, lessor, manufacturer or producer of goods or services whose principal place of business is in Harrison County, where this Court resides;

44.    Defendant has engaged in numerous violations of the Mississippi Unfair Trade Practices Act in that its conduct as described above constitutes the use or

17

employment of false, misleading, or deceptive acts or practices as set forth in Section 75-24-5, because Defendant:

a.   Passed off the electricity provided under its contracts with Plaintiffs as those of another;

b.   Misrepresented the source, sponsorship, approval, or certification of the electricity provided under its contracts with Plaintiffs;

c.   Misrepresented an affiliation, connection, or association with, or certification by another, including by the Public Service Commission;

d.   Misrepresented designations of geographic origin in connection with the electricity provided under its contracts with Plaintiffs;

e.   Represented that the electricity provided under its contracts with Plaintiffs had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it does not have;

f.   Represented that the electricity provided under its contracts with Plaintiffs was of a particular standard, quality, or grade, or that goods are of a particular style or model, and it is of another;

g.   Advertised the electricity provided under its contracts with Plaintiffs with intent not to sell it as advertised;

h.   Advertised the electricity provided under its contracts with Plaintiffs with intent not to supply reasonably expectable public demand; and

i.   Made misrepresentations of fact concerning the reasons for, existence of, or amounts of price reductions relating to the electricity provided under its contracts with Plaintiffs.

45.   Plaintiffs relied on the above-described false, misleading, or deceptive acts or practices to their detriment.

18

46.     As a direct and proximate result of the above, Plaintiffs have suffered damages in an amount to be proven at trial.

47.     Plaintiffs are further entitled to all reasonable and necessary attorneys' fees and costs associated with bringing this cause of action.

## SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF

48.     Plaintiffs reallege the allegations contained in paragraphs 1–39, inclusive, of this Complaint as if fully set forth herein.

49.     The actions of Defendant are in violation of the letter and spirit of the Mississippi Unfair Trade Practices Act, the Base Load Act, and seek to circumvent a ruling of the Mississippi Supreme Court designed to protect persons such as Plaintiffs from the deleterious effects of arbitrary and capricious market actions such as the hereinabove described conduct of Defendant.

50.     Plaintiffs, along with other residents of Harrison County will be permanently and irreparably damaged by the instability and erratic fluctuation in energy prices and the gaping discrepancies in the southern electric market creating incentives for businesses to seek to terminate existing commercial relationships with Plaintiffs and to establish relationships with business partners outside of the Kemper projects' inflationary economics;

51.     It is in the public interest that this Court grants preliminary and injunctive relief preventing Defendant from taking the arbitrary and unlawful actions cited above.

19

52.     The harm to Defendant from being forced to desist from its present course is outweighed by the anticipated damages to Plaintiffs and the residents of Harrison County, more specifically the ratepayers who have entered into contracts with Defendant.

### THIRD CAUSE OF ACTION

### FRAUD AND FRAUDULENT CONCEALMENT

53.     Plaintiffs reallege the allegations contained in paragraphs 1–39, inclusive, of this Complaint as if fully set forth herein.

54.     Within the last three years, Defendant concealed, falsely represented, and/or made partial disclosures to Plaintiffs as follows:

    a.    Defendant stated that the Kemper Power Plant would start generating power in 2013;

    b.    Defendant stated that the Kemper Power Plant would start generating power in May 2014;

    c.    Defendant stated that the Kemper Power Plant would start generating power in May 2015;

    d.    Defendant stated that the Kemper Power Plant would start generating power in "the first half of 2016;"

    e.    Defendant stated that the Kemper Power Plant would cost $1.8 billion to construct;

    f.    Defendant stated that the Kemper Power Plant would cost $2.2 billion to construct;

    g.    Defendant concealed from ratepayers, including Plaintiffs, by not providing advance noticed as required, that it sought to pass through construction work in progress, into the 2015 rate package it

20

pushed through the Public Service Commission without having completed the requisite prudency hearing;

h.   Defendant concealed the long-range rate impact information of the 2015 rate package by asking that the information, of great interest to Plaintiffs and to the general public, be kept confidential.

i.   Defendant surreptitiously sought to reverse the Mississippi Supreme Court's invalidation of an illegally obtained rate increase by effectively reconstituting the same increase and then representing the outcome as the "termination" of the illegal increase.

j.   Defendant distorted the facts in order to create a false public impression of its scheme to pass through its cost-overruns and overspending to consumers by falsely representing that:

   i.   "Kemper was *ordered to be built by the Mississippi Public Service Commission* after extensive hearings regarding the needs of Mississippi Power customers;"

   ii.   "Kemper is bringing *jobs, growth and progress to south Mississippi;*"

   iii.   "Energy *experts the world over have hailed Kemper* as the future of low-cost, clean energy;" and

   iv.   "A recent *Supreme Court decision could result in a rate increase* of 35 to 40 percent."

   v.   A "first fire" test was completed in March 2015.

k.   Defendant has continued to misinform the public, including ratepayers such as Plaintiffs, in an effort to continue to conceal its mismanagement, stating that:

   i.   The Kemper Power Plant "is having a major positive impact on the state's economy, creating thousands of jobs;"

21

  ii.  "These jobs will increase Mississippi income by $42 million in the first year of operation;"

  iii.  That the agreement Defendant negotiated to circumvent the Supreme Court's 2015 reversal of Defendant's rate increase actually "*lowered bills* and provided an additional credit to Mississippi Power customers;"

  iv.  That "It *lowered customer rates* by approximately $4.70 for a residential customer using 1,000 kWh of electricity per month from their current level;"

  v.  That it "Terminates the previous 'emergency rates' authorized by the PSC on Aug. 13."

  vi.  That the Kemper Power Plant generates electricity "for the benefit of Mississippi Power customers with *no permanent cost recovery.*"

55.  Defendant failed to disclose the whole truth known to Defendant, failed to disclose new information that became known to Defendant, which made its earlier representations misleading and/or untrue, and/or conveyed a false impression with its partial and/or incomplete disclosures.  By way of example only:

  a.  Defendant has known and continues to be aware of undisclosed irregularities, defects, delays, errors, mismanagement, miscalculations, and other circumstances that have made completion dates announced to date unrealistic, unworkable and/or otherwise false to the knowledge of Defendant at the time they were made, or rendered so by subsequently learned information;

    i.  For example, Defendant knew in 2012 that the May 2014 projected completion date would not be reached, but falsely

22

maintained until October 2013 that May 2014 was the scheduled date.

b.  In fact, completion delays have come "Through lies, deceptions and half truths and an unwillingness to confront" the fact that its date projections have been fundamentally unrealistic. Defendant *"chose not to [be truthful] and ... did it multiple times."*

c.  Defendant has known at numerous times of its own intent to shield itself from the consequences of cost overruns and mismanagement by deliberately recurring to ratepayers to subsidize the continual and runaway spending rather than make a resolute determination to put a halt to wasteful and excessive spending.

d.  Defendant has known of its own intent to use the mechanisms of the Base Load Act to defray the excessive costs of constructing the Kemper Power Plant while actively concealing and denying such intent to the public to deter any public outcry or pressure to deter Defendant from that course of conduct.

e.  Defendant knows that its public statements characterizing the Kemper project mandated by the Public Service Commission, as a net plus for the local economy, as hailed by experts, are false and/or misleading. Similarly, it is false that the Supreme Court's decision would have resulted in a rate increase, and that Defendant's action has thwarted that effect, resulting in lower bills, as Defendant has stated.

56.   Defendant fraudulently concealed and failed to disclose these facts known to Defendant with the intent that Plaintiffs continue to purchase electricity from Defendant and that Plaintiffs refrain from investigating or questioning Defendant's mismanagement of the Kemper Power Plant construction project in an attempt to

23

discover and address the causes of the runaway spending. Defendant purposely and knowingly withheld and concealed this information as part of an attempt to maximize profits and forestall the day when they would have to answer for their conduct.

57.     Relying on Defendant's false and misleading statements and concealment, Plaintiffs continued to purchase electricity from Defendant and refrained from investigating or questioning Defendant's mismanagement of the Kemper Power Plant construction project in to discover and address the causes of the runaway spending. Had Plaintiffs known the full, accurate and complete information that Defendant fraudulently failed to disclose, they would not have continued to purchase electricity from Defendant without investigating or questioning Defendant's mismanagement of the Kemper Power Plant construction project to rein in costs and avoid future harm.

58.     As a direct and proximate result of the above, Plaintiffs has suffered damages in an amount to be proven at trial.

59.     Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff, and did so with fraud, oppression, and/or malice. This despicable conduct subjected Plaintiffs to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Plaintiffs are also entitled to punitive damages against Defendant in an amount to be determined at trial.

24

## FOURTH CAUSE OF ACTION

## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

60.     Plaintiffs reallege the allegations contained in paragraphs 1—39, inclusive, of this Complaint as if fully set forth herein.

61.     Prior to engaging in the aforementioned conduct, Defendant was fully aware that Plaintiffs had business relationships which were very likely to result in economically-advantageous relationships between Plaintiffs and their business partners.

62.     Defendant engaged in the conduct alleged above with the intent to interfere with and/or destroy the economically-advantageous relationships between Plaintiffs and its business associates, on the other hand, and to make those relationships less financially lucrative for Plaintiffs so that Defendant could shield itself from the consequences of its mismanagement, even if it resulted in the disruption of Plaintiffs' business relationships. The conduct of Defendant was independently wrongful because, among other things, Defendant was engaging in violations of the Mississippi Unfair Trade Practices Act, the Base Load Act, and acting to circumvent a ruling of the Mississippi Supreme Court.

63.     By mismanaging the Kemper Power Plant construction project, incurring constant cost overruns and seeking to pass through those costs without first obtaining the appropriate prudency findings, Defendant created gaping discrepancies in the southern electric market and irresistible incentives for Plaintiffs' business partners to

25

seek to terminate existing commercial relationships with Plaintiffs and to establish relationships with business partners outside of the Kemper projects' inflationary economics, leading to the actual disruption of Plaintiffs' contractual and other business relationships.

64.     As a direct and proximate result of the above, Plaintiffs have suffered damages in an amount to be proven at trial.

65.     Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff, and did so with fraud, oppression, and/or malice. This despicable conduct subjected Plaintiffs to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Plaintiffs is also entitled to punitive damages against Defendant in an amount to be determined at trial.

## DAMAGES AND RELIEF SOUGHT

66.     For Plaintiff's First Cause of Action for Unfair Business Practices, Plaintiffs seek to recover the following damages and obtain the following relief from Defendant:

   a.     Economic loss suffered by Plaintiff;
   b.     Punitive Damages;
   c.     All reasonable and necessary attorneys' fees;
   d.     Court costs; and;
   e.     Pre and post-judgment interest.

67.     For Plaintiff's Second Cause of Action for Injunctive Relief, Plaintiffs seek to recover the following damages and obtain the following relief from Defendant:

26

a.  That the Court order Defendants to refund Plaintiffs all costs previously passed through to Plaintiffs that resulted in whole or in part from fraud, misrepresentation, concealment and/or unfair business practices;

b.  That the Court award Plaintiffs their costs, expenses and reasonable attorneys' fees incurred therein; and

c.  That the Court award Plaintiffs such other relief to which they may be entitled.

68.  For Plaintiff's Third Cause of Action for Fraud and Fraudulent Concealment, Plaintiffs seek to recover the following damages and obtain the following relief from Defendant:

a.  Economic loss suffered by Plaintiff;

b.  Punitive Damages;

c.  All reasonable and necessary attorneys' fees;

d.  Court costs; and

e.  Pre and post-judgment interest.

69.  For Plaintiff's Fourth Cause of Action for Interference with Prospective Economic Advantage, Plaintiffs seek to recover the following damages and obtain the following relief from Defendant:

a.  Economic loss suffered by Plaintiff;

b.  Punitive Damages;

c.  All reasonable and necessary attorneys' fees;

d.  Court costs; and

e.  Pre and post-judgment interest.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs sue and demand judgment from the Defendant for all damages to which they are entitled, all costs of

27

Court, attorneys' fees, pre and post-judgment interest, and for further and other relief,

whether in law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted this the 8ᴺᴰ day of March, 2016.

BILOXI FREEZING & PROCESSING, INC., GULFSIDE CASINO PARTNERSHIP and JOHN CARLTON DEAN

BY: _____
JOE SAM OWEN (Bar No. 3965)

JOE SAM OWEN (Bar No. 3965)
ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25ᵀᴴ AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:  (228) 868-2821
FAX:  (228) 868-2813
Email: jso@owen-galloway.com

Michael J. Avenatti  (CA Bar No. 206929)
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:     mavenatti@eaganavenatti.com
Telephone:  949-706-7000
Facsimile:   949-706-7050
[*PRO HAC* TO BE FILED]

28

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|

County # | Judicial | COURT ID
District | (CH, CI, CO)

Local Docket (If

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Rev 2009)

Month   Date   Year
This area to be completed by clerk

Case Number if filed prior to 1/1/94:

In the **CIRCUIT** [X] Court of **HARRISON** [ ] County — **FIRST** [ ] Judicial District

**Origin of Suit** (Place an "X" in one box only)
[X] Initial Filing   [ ] Reinstated   [ ] Foreign Judgment Enrolled   [ ] Transfer from Other court   [ ] Other
[ ] Remanded   [ ] Reopened   [ ] Joining Suit/Action   [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** BILOXI FREEZING & PROCESSING, INC. - MS Corporation

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** 542 Bayview Avenue, Biloxi, MS 39530

**Attorney** (Name & Address) Joe Sam Owen, P.O. Drawer 420, Gulfport, MS 39502   **MS Bar No.** 3965
Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business** Mississippi Power Company - MS Corporation

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

**Attorney** (Name & Address) - If Known   **MS Bar No.** _____

**Damages Sought:**   Compensatory $ _____   Punitive $ _____   Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [X] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other | [ ] Other | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other | [ ] Other |

IN THE <u>CIRCUIT</u>　☒ COURT OF <u>HARRISON</u>　☒ COUNTY, MISSISSIPPI

<u>FIRST</u>　☒ JUDICIAL DISTRICT, CITY OF <u>Gulfport</u>

Docket No._____ - _____
　　　　　　File Yr　　Chronological No.　　Clark's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

Individual: _____ ( _____ ) _____ _____
　　　　　　　Last Name　　　　　First Name　　　Maiden Name, If Applicable　Middle Init.　Jr/Sr/II/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　D/B/A _____

**Business** <u>Gulfside Casino Partnership - MS Corporation</u>
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

　D/B/A <u>3300 W. Beach Boulevard, Gulfport, MS 39501</u>

ATTORNEY FOR THIS PLAINTIFF: <u>3965</u> Bar # or Name: <u>Joe Sam Owen</u>　Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

Individual: <u>Dean</u>　　<u>John</u>　( _____ ) _____ _____
　　　　　　　Last Name　　　　　First Name　　　Maiden Name, If Applicable　Middle Init.　Jr/Sr/II/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　D/B/A _____

**Business** <u>Gulfport, MS</u>
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

　D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: <u>3965</u> Bar # or Name: <u>Joe Sam Owen</u>　Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

Individual: _____ ( _____ ) _____ _____
　　　　　　　Last Name　　　　　First Name　　　Maiden Name, If Applicable　Middle Init.　Jr/Sr/II/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　D/B/A _____

**Business** _____
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

　D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____　Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                          **PLAINTIFFS**
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN


VERSUS                                          CAUSE NO. A2401-16-45


MISSISSIPPI POWER COMPANY                               **DEFENDANT**

---

### ENTRY OF APPEARANCE

---

**COMES NOW**, ROBERT P. MYERS, JR., of the firm Owen, Galloway & Myers,

P.L.L.C., and enters his appearance as counsel for the Plaintiffs in the above styled and

numbered cause.

Respectfully submitted this the 15th day of March, 2016.

> **BILOXI FREEZING & PROCESSING, INC., GULFSIDE CASINO PARTNERSHIP and JOHN CARLTON DEAN**
>
>
> BY:   /s/ ROBERT P. MYERS, JR. (Bar No. 9007)

Page 1 of 2

JOE SAM OWEN (Bar No. 3965)
ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813
Email: jso@owen-galloway.com

Michael J. Avenatti  (CA Bar No. 206929)
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:       mavenatti@eaganavenatti.com
Telephone:   949-706-7000
Facsimile:   949-706-7050
[*PRO HAC* TO BE FILED]

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                          **PLAINTIFFS**
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN


VERSUS                                          CAUSE NO. A2401-16-45


MISSISSIPPI POWER COMPANY                              **DEFENDANT**

---

## MOTION TO ALLOW ADMISSION OF COUNSEL *PRO HAC VICE*

---

The undersigned JOE SAM OWEN, files this Motion to Admit MICHAEL JOHN
AVENATTI to appear *pro hac vice* as additional counsel for the Plaintiffs, Biloxi Freezing
& Processing, Inc., Gulfside Casino Partnership and John Carlton Dean, in the above
styled and numbered cause, and would show unto this Honorable Court the following:

1.      Michael John Avenatti is a duly licensed attorney and member of the Bar
of the state of California, as listed on the attached Affidavit.

2.      Michael John Avenatti has read and has good knowledge of the local rules
of this Court.  Michael John Avenatti is of good moral character and familiar with the
ethics, principles, practices, customs and usages of the legal profession in this state, and
no disciplinary proceedings or criminal charges have been instituted against him as
evidenced by Michael John Avenatti's Certificate of Standing and Affidavit which is
attached hereto as Exhibit "A".

3.      The undersigned certifies that he is in agreement with Michael John Avenatti's association in the above-styled and numbered cause of action.

**WHEREFORE, PREMISES CONSIDERED,** the undersigned respectfully requests that this Court enter an Order of Admission *pro hac vice* for Michael John Avenatti as additional counsel for the Plaintiffs, Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean, in the above styled cause.

Respectfully submitted this the 15th day of March, 2016.

**BILOXI FREEZING & PROCESSING, INC., GULFSIDE CASINO PARTNERSHIP and JOHN CARLTON DEAN**

BY:   /s/ JOE SAM OWEN (Bar No. 3965)

JOE SAM OWEN (Bar No. 3965)
ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813
Email: jso@owen-galloway.com

Michael J. Avenatti  (CA Bar No. 206929)
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:   mavenatti@eaganavenatti.com
Telephone:   949-706-7000
Facsimile:   949-706-7050
[*PRO HAC* TO BE FILED]

2

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,               PLAINTIFFS
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN

VERSUS                                      CAUSE NO. A2401-16-45

MISSISSIPPI POWER COMPANY                   DEFENDANT

---

## AFFIDAVIT OF MICHAEL JOHN AVENATTI

PERSONALLY APPEARED BEFORE ME, the undersigned authority, the within named MICHAEL JOHN AVENATTI, who, after being duly sworn on oath, stated as follows:

1.      I am of the full age of majority and not laboring under any disabilities.

2.      I seek to appear as counsel *pro hac vice* before the Harrison County Circuit Court, First Judicial District in the matter styled *Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean v. Mississippi Power Company*, Cause No. A2401-16-45.

3.      I am a partner in the law firm of Eagan Avenatti, LLP, 520 Newport Center Drive, Suite 1400, Newport Beach, California 92660, telephone number 949-706-7000, facsimile number 949-706-7050, and email mavenatti@eaganavenatti.com.

Page 1 of 3


EXHIBIT
A

4. I do not maintain an office within the state of Mississippi and have not been engaged in the general practice of law in this state without being properly admitted and licensed to practice law in the state of Mississippi.

5. I have been a member in good standing of the State Bar of California since June 1, 2000. I have been admitted to practice in the following Courts:

US District Court, All Districts in California
US District Court, Northern District of Texas
US Court of Appeals, Sixth Circuit
US Court of Appeals, Ninth Circuit
US Court of Appeals, Fifth Circuit

6. I am not currently, nor have I ever been, suspended or disbarred by any jurisdiction. I have not been the subject of disciplinary action by the Bar or courts of any jurisdiction. I am admitted to practice before the Supreme Court of the State of California, as evidenced by the Certificate of Standing attached hereto as Exhibit "1".

7. Unless permitted to withdraw by order of the Court, I will continue to represent my client in the above-mentioned case until a final determination of the case. I will consent to the jurisdiction of the Harrison County Circuit Court and to the disciplinary tribunals of the Mississippi Board of Bar Admissions in all respects as if I were a regularly admitted and licensed member of the Mississippi Bar Association.

8. I have not requested, been admitted to nor applied for admission *pro hac vice* within the state of Mississippi for the twelve (12) months immediately preceding this application.

9.     I am associated with Joe Sam Owen of the law firm of Owen, Galloway & Myers, P.L.L.C., Post Office Drawer 420, Gulfport, Mississippi 39502-0420, who is a member in good standing of the Mississippi State Bar.

10.    Further, affiant sayeth naught.

_____
MICHAEL JOHN AVENATTI

SWORN TO AND SUBSCRIBED BEFORE ME, this the _8_ day of March, 2016.

_____
NOTARY PUBLIC (SEE ATTACHED)

> HILLARY CONVERSE WOLETT
> Commission # 2114619
> Notary Public - California
> Orange County
> My Comm. Expires Jun 8, 2019

Page 3 of 3

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**          **GOVERNMENT CODE § 8202**

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

_____          _____
*Signature of Document Signer No. 1*          *Signature of Document Signer No. 2 (if any)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of *Orange*

    HILLARY CONVERSE WOLETT
    Commission # 2114619
    Notary Public · California
    Orange County
    My Comm. Expires Jun 8, 2019

Subscribed and sworn to (or affirmed) before me

on this __*8*__ day of __*march*__, 20 __*16*__,
        *Date*          *Month*          *Year*

by

(1) *michael J. Avenatti*

(and 2) _____ ),

        *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature *Hillary C. Wolett*

        *Signature of Notary Public*

                Seal
        *Place Notary Seal Above*

──────────── OPTIONAL ────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: *Affidavit*                     Document Date: *3/8/16*

Number of Pages: __*3*__  Signer(s) Other Than Named Above: _____

©2014 National Notary Association · www.NationalNotary.org · 1-800-US NOTARY (1-800-876-6827)   Item #5910



**THE STATE BAR**
**OF CALIFORNIA**

MEMBER RECORDS & COMPLIANCE

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1617

TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

March 3, 2016

**TO WHOM IT MAY CONCERN:**

This is to certify that according to the records of the State Bar, MICHAEL JOHN AVENATTI, #206929 was admitted to the practice of law in this state by the Supreme Court of California on June 1, 2000; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Kathan Lambert
Custodian of Membership Records



IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                                    PLAINTIFFS
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN


VERSUS                                                 CAUSE NO. A2401-16-45


MISSISSIPPI POWER COMPANY                                          DEFENDANT

---

**AMENDED MOTION TO ALLOW ADMISSION OF COUNSEL *PRO HAC VICE***

---

The undersigned JOE SAM OWEN, files this Motion to Admit MICHAEL JOHN AVENATTI to appear *pro hac vice* as additional counsel for the Plaintiffs, Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean, in the above styled and numbered cause, and would show unto this Honorable Court the following:

1.      Michael John Avenatti is a duly licensed attorney and member of the Bar of the state of California, as listed on the attached Affidavit.

2.      Michael John Avenatti has read and has good knowledge of the local rules of this Court.  Michael John Avenatti is of good moral character and familiar with the ethics, principles, practices, customs and usages of the legal profession in this state, and no disciplinary proceedings or criminal charges have been instituted against him as evidenced by Michael John Avenatti's Certificate of Standing and Affidavit which is attached hereto as Exhibit "A".

3.      The undersigned certifies that he is in agreement with Michael John Avenatti's association in the above-styled and numbered cause of action.

4.      The undersigned has paid the requisite fees as set forth in Miss. Code Ann. § 25-7-3 and Miss. R. App. P. 46(b).

**WHEREFORE, PREMISES CONSIDERED,** the undersigned respectfully requests that this Court enter an Order of Admission *pro hac vice* for Michael John Avenatti as additional counsel for the Plaintiffs, Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean, in the above styled cause.

Respectfully submitted this the 24th day of March, 2016.

> **BILOXI FREEZING & PROCESSING, INC., GULFSIDE CASINO PARTNERSHIP and JOHN CARLTON DEAN**
>
>
> BY:     /s/ JOE SAM OWEN (Bar No. 3965)

2

## CERTIFICATE OF SERVICE

I, JOE SAM OWEN, of the law firm of Owen, Galloway & Myers, P.L.L.C., do hereby certify that I have this date mailed, postage prepaid a true and correct copy of the above and foregoing *Amended Motion To Allow Admission Of Counsel Pro Hac Vice* to Ben H. Stone, Esquire, Balch & Bingham, LLP, Post Office Box 130, Gulfport, Mississippi 39502-0130, counsel for Mississippi Power Company.

Respectfully submitted this the 24th day of March, 2016.


/s/JOE SAM OWEN (Bar No. 3965)


JOE SAM OWEN (Bar No. 3965)
ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813
Email: jso@owen-galloway.com

Michael J. Avenatti  (CA Bar No. 206929)
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:     mavenatti@eaganavenatti.com
Telephone:   949-706-7000
Facsimile:   949-706-7050
[*PRO HAC* TO BE FILED]

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                          PLAINTIFFS
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN


VERSUS                                      CAUSE NO. A2401-16-45


MISSISSIPPI POWER COMPANY                              DEFENDANT

---

## AMENDED AFFIDAVIT OF MICHAEL JOHN AVENATTI

---

PERSONALLY APPEARED BEFORE ME, the undersigned authority, the within named MICHAEL JOHN AVENATTI, who, after being duly sworn on oath, stated as follows:

1.      I am of the full age of majority and not laboring under any disabilities.

2.      I seek to appear as counsel *pro hac vice* before the Harrison County Circuit Court, First Judicial District in the matter styled *Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean v. Mississippi Power Company*, Cause No. A2401-16-45.

3.      My residence address is 618 Via Lido Nord, Newport Beach, California 92663.

**EXHIBIT**
**A**

4.     I am a partner in the law firm of Eagan Avenatti, LLP, 520 Newport Center Drive, Suite 1400, Newport Beach, California 92660, telephone number 949-706-7000, facsimile number 949-706-7050, and email mavenatti@eaganavenatti.com.

5.     I do not maintain an office within the state of Mississippi and have not been engaged in the general practice of law in this state without being properly admitted and licensed to practice law in the state of Mississippi.

6.     I have been a member in good standing of the State Bar of California since June 1, 2000. I have been admitted to practice in the following Courts:

US District Court, All Districts in California

US District Court, Northern District of Texas

US Court of Appeals, Sixth Circuit

US Court of Appeals, Ninth Circuit

US Court of Appeals, Fifth Circuit

7.     I am not currently, nor have I ever been, suspended or disbarred by any jurisdiction. I have not been the subject of disciplinary action by the Bar or courts of any jurisdiction. I am admitted to practice before the Supreme Court of the State of California, as evidenced by the Certificate of Standing attached hereto as Exhibit "1".

8.     Unless permitted to withdraw by order of the Court, I will continue to represent my client in the above-mentioned case until a final determination of the case. I will consent to the jurisdiction of the Harrison County Circuit Court and to the

disciplinary tribunals of the Mississippi Board of Bar Admissions in all respects as if I were a regularly admitted and licensed member of the Mississippi Bar Association.

9.      I have not requested, been admitted to nor applied for admission *pro hac vice* within the state of Mississippi for the twelve (12) months immediately preceding this application.

10.      I am associated with Joe Sam Owen of the law firm of Owen, Galloway & Myers, P.L.L.C., Post Office Drawer 420, Gulfport, Mississippi 39502-0420, who is a member in good standing of the Mississippi State Bar.

11.      Further, affiant sayeth naught.

_____
MICHAEL JOHN AVENATTI

SWORN TO AND SUBSCRIBED BEFORE ME, this the 23 day of March, 2016.

_____
NOTARY PUBLIC
(SEE ATTACHED CERTIFICATE)



HILLARY CONVERSE WOLETT
Commission # 2114619
Notary Public - California
Orange County
My Comm. Expires Jun 8, 2019

Page 3 of 3

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**          **GOVERNMENT CODE § 8202**

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

_____     _____
*Signature of Document Signer No. 1*       *Signature of Document Signer No. 2 (if any)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of *Orange*

**Subscribed and sworn to (or affirmed) before me**

on this *23* day of *March*, 20 *16*,
     Date       Month      Year
by
(1) *Michael J. Avenatti*

(and (2) _____ ),
            Name[s] of Signer[s]

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____
        *Signature of Notary Public*

HILLARY CONVERSE WOLETT
Commission # 2114619
Notary Public - California
Orange County
My Comm. Expires Jun 8, 2019

Seal
*Place Notary Seal Above*

———————————— **OPTIONAL** ————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*
**Description of Attached Document**
Title or Type of Document: *amended affidavit* Document Date: *3/23/16*
Number of Pages: *3* Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910



**THE STATE BAR
OF CALIFORNIA**

MEMBER RECORDS & COMPLIANCE

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1617

TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

March 3, 2016

**TO WHOM IT MAY CONCERN:**

This is to certify that according to the records of the State Bar, MICHAEL JOHN AVENATTI, #206929 was admitted to the practice of law in this state by the Supreme Court of California on June 1, 2000; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

*Kathan Lambert*

Kathan Lambert
Custodian of Membership Records



EXHIBIT
1

Electronic Document                Mar 25 2016 16:52:22          2016-AC-00408          Pages: 2

**Supreme Court of Mississippi**
**Court of Appeals of the State of Mississippi**
*Office of the Clerk*

Muriel B. Ellis                                              *(Street Address)*
Post Office Box 249                                    450 High Street
Jackson, Mississippi 39205-0249               Jackson, Mississippi 39201-1082
Telephone: (601) 359-3694
Facsimile:  (601) 359-2407                           e-mail:sctclerk@courts.ms.gov

March 25, 2016

RE:   Michael John Avenatti
       Biloxi Freezing & Processing, Inc.  V. Mississippi Power Company
       SC #: 2016-AC-00408;  Trial Court #: A2401-16-45
       Harrison County Circuit Court District 1

### CLERK'S PRO HAC VICE STATEMENT

Attached hereto is a record indicating all causes or other matters which have been reported to the Office of the Clerk of the Supreme Court in which the specified foreign attorney previously requested to appear as counsel pro hac vice and the date and disposition of each request.

Pursuant to Mississippi Rules of Appellate Procedure, Rule 46 (b) (7) ***provides that upon entry of an order by the trial court judge it is the responsibility of the foreign attorney to provide this office with a copy of the order***.

Effective May 27, 2004, by order of the Court, M.R.A.P. 46 (b)(5) was amended to place the responsibility of obtaining, filing and serving the statement of the Clerk of the Supreme Court upon the foreign attorney seeking leave to appear pro hac vice.  **The foreign attorney shall file a copy of the Statement and Pro Hac Vice Report on the trial court clerk, the trial court judge, local counsel and attorneys of record**.  The Clerk of the Supreme Court will provide one copy to the foreign attorney.

*Muriel B. Ellis*

**CLERK**

# Pro Hac Vice Report

Date Run:03/25/2016

---

**Tracking # 994592**          **Name:** Michael John Avenatti
**Cases Attached To:**

---

2016-AC-00408          Harrison County Circuit Court District 1                    Lawrence Paul Bourgeois Jr.

Biloxi Freezing & Processing, Inc.  v. Mississippi Power Company     **Local Atty:**Joe Sam Owen
**Application Filed:**03/21/2016     **Clerk's Notice Issued:**03/25/2016   **Delinquency Issued:** 03/21/2016

**Trial Court Order Recvd:**

---

                                                                         **Total: 1**

### OWEN, GALLOWAY & MYERS
#### P.L.L.C.
#### Attorneys At Law

Owen Building
1414 25th Avenue
Post Office Drawer 420
Gulfport, MS 39502-0420
Telephone: 228-868-2821
Fax: 228-864-6421 or 228-868-2813
Email: ogc@owen-galloway.com
Website: www.owen-galloway.com

Joe Sam Owen
jso@owen-galloway.com

Ben F. Galloway
bfg@owen-galloway.com

Robert P. Myers, Jr.
rpm@owen-galloway.com

March 24, 2016

The Mississippi Bar
Post Office Box 2168
Jackson, MS 39225-2168

Ashley C. Wright
acw@owen-galloway.com

Re:   *Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership
      and John Carlton Dean*
      Cause No. A2401-16-45
      Our File No. 11454

To Whom It May Concern:

Enclosed is a copy of the Amended Motion to Allow Admission of Counsel *Pro Hac Vice* of John Michael Avenatti which has been filed in the above referenced matter. The requisite fee as set forth in Miss. R. App. P. 46(b) has previously been paid.

Trusting you find this in order, I remain,

Sincerely,

OWEN, GALLOWAY & MYERS, P.L.L.C.

Joe Sam Owen

JSO/mcf
Enclosures
cc:   Michael J. Avenatti, Esquire
      Ben H. Stone, Esquire

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                              PLAINTIFFS
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN

VERSUS                                        CAUSE NO. A2401-16-45

MISSISSIPPI POWER COMPANY                                  DEFENDANT

---

**AMENDED MOTION TO ALLOW ADMISSION OF COUNSEL *PRO HAC VICE***

---

The undersigned JOE SAM OWEN, files this Motion to Admit MICHAEL JOHN

AVENATTI to appear *pro hac vice* as additional counsel for the Plaintiffs, Biloxi Freezing

& Processing, Inc., Gulfside Casino Partnership and John Carlton Dean, in the above

styled and numbered cause, and would show unto this Honorable Court the following:

1.      Michael John Avenatti is a duly licensed attorney and member of the Bar

of the state of California, as listed on the attached Affidavit.

2.      Michael John Avenatti has read and has good knowledge of the local rules

of this Court.  Michael John Avenatti is of good moral character and familiar with the

ethics, principles, practices, customs and usages of the legal profession in this state, and

no disciplinary proceedings or criminal charges have been instituted against him as

evidenced by Michael John Avenatti's Certificate of Standing and Affidavit which is

attached hereto as Exhibit "A".

3.     The undersigned certifies that he is in agreement with Michael John Avenatti's association in the above-styled and numbered cause of action.

4.     The undersigned has paid the requisite fees as set forth in Miss. Code Ann. § 25-7-3 and Miss. R. App. P. 46(b).

**WHEREFORE, PREMISES CONSIDERED,** the undersigned respectfully requests that this Court enter an Order of Admission *pro hac vice* for Michael John Avenatti as additional counsel for the Plaintiffs, Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean, in the above styled cause.

Respectfully submitted this the 24th day of March, 2016.

> **BILOXI    FREEZING    &    PROCESSING,    INC.,**
> **GULFSIDE CASINO PARTNERSHIP and JOHN**
> **CARLTON DEAN**
>
>
> BY:    /s/ JOE SAM OWEN (Bar No. 3965)

2

## CERTIFICATE OF SERVICE

I, JOE SAM OWEN, of the law firm of Owen, Galloway & Myers, P.L.L.C., do hereby certify that I have this date mailed, postage prepaid a true and correct copy of the above and foregoing *Amended Motion To Allow Admission Of Counsel Pro Hac Vice* to Ben H. Stone, Esquire, Balch & Bingham, LLP, Post Office Box 130, Gulfport, Mississippi 39502-0130, counsel for Mississippi Power Company.

Respectfully submitted this the 24th day of March, 2016.

/s/ JOE SAM OWEN (Bar No. 3965)

JOE SAM OWEN (Bar No. 3965)
ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813
Email: jso@owen-galloway.com

Michael J. Avenatti  (CA Bar No. 206929)
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:     mavenatti@eaganavenatti.com
Telephone:   949-706-7000
Facsimile:    949-706-7050
[*PRO HAC* TO BE FILED]

3

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                    PLAINTIFFS
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN


VERSUS                                           CAUSE NO. A2401-16-45


MISSISSIPPI POWER COMPANY                        DEFENDANT

---

### AMENDED AFFIDAVIT OF MICHAEL JOHN AVENATTI

---

PERSONALLY APPEARED BEFORE ME, the undersigned authority, the within named MICHAEL JOHN AVENATTI, who, after being duly sworn on oath, stated as follows:

1.      I am of the full age of majority and not laboring under any disabilities.

2.      I seek to appear as counsel *pro hac vice* before the Harrison County Circuit Court, First Judicial District in the matter styled *Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean v. Mississippi Power Company*, Cause No. A2401-16-45.

3.      My residence address is 618 Via Lido Nord, Newport Beach, California 92663.

**EXHIBIT**
***A***

4.   I am a partner in the law firm of Eagan Avenatti, LLP, 520 Newport Center Drive, Suite 1400, Newport Beach, California 92660, telephone number 949-706-7000, facsimile number 949-706-7050, and email mavenatti@eaganavenatti.com.

5.   I do not maintain an office within the state of Mississippi and have not been engaged in the general practice of law in this state without being properly admitted and licensed to practice law in the state of Mississippi.

6.   I have been a member in good standing of the State Bar of California since June 1, 2000. I have been admitted to practice in the following Courts:

US District Court, All Districts in California

US District Court, Northern District of Texas

US Court of Appeals, Sixth Circuit

US Court of Appeals, Ninth Circuit

US Court of Appeals, Fifth Circuit

7.   I am not currently, nor have I ever been, suspended or disbarred by any jurisdiction. I have not been the subject of disciplinary action by the Bar or courts of any jurisdiction. I am admitted to practice before the Supreme Court of the State of California, as evidenced by the Certificate of Standing attached hereto as Exhibit "1".

8.   Unless permitted to withdraw by order of the Court, I will continue to represent my client in the above-mentioned case until a final determination of the case. I will consent to the jurisdiction of the Harrison County Circuit Court and to the

disciplinary tribunals of the Mississippi Board of Bar Admissions in all respects as if I were a regularly admitted and licensed member of the Mississippi Bar Association.

9.      I have not requested, been admitted to nor applied for admission *pro hac vice* within the state of Mississippi for the twelve (12) months immediately preceding this application.

10.     I am associated with Joe Sam Owen of the law firm of Owen, Galloway & Myers, P.L.L.C., Post Office Drawer 420, Gulfport, Mississippi 39502-0420, who is a member in good standing of the Mississippi State Bar.

11.     Further, affiant sayeth naught.

MICHAEL JOHN AVENATTI

SWORN TO AND SUBSCRIBED BEFORE ME, this the 23 day of March, 2016.

NOTARY PUBLIC
(SEE ATTACHED CERTIFICATE)



HILLARY CONVERSE WOLETT
Commission # 2114619
Notary Public - California
Orange County
My Comm. Expires Jun 8, 2019

Page 3 of 3

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**         **GOVERNMENT CODE § 8202**

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

| _____ | _____ |
| Signature of Document Signer No. 1 | Signature of Document Signer No. 2 (If any) |

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Orange_

Subscribed and sworn to (or affirmed) before me

on this _23_ day of _march_, 20_16_,

(1) _Michael J. Avenatti_

(and (2) _____ ),

Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _Hillary C. Wolett_

Signature of Notary Public

HILLARY CONVERSE WOLETT
Commission # 2114619
Notary Public - California
Orange County
My Comm. Expires Jun 8, 2019

Seal
Place Notary Seal Above

─────────────────────── **OPTIONAL** ───────────────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _amended affidavit_   Document Date: _3/23/16_

Number of Pages: _3_   Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910



## THE STATE BAR
## OF CALIFORNIA

**MEMBER RECORDS & COMPLIANCE**

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1617

TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

March 3, 2016

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, MICHAEL JOHN AVENATTI, #206929 was admitted to the practice of law in this state by the Supreme Court of California on June 1, 2000; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Kathan Lambert
Custodian of Membership Records

Case: 24CI1:16-cv-00045   Document #: 5-2   Filed: 03/24/2016   Page 1 of 1

**EXHIBIT**
**1**

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

BILOXI FREEZING & PROCESSING,                          PLAINTIFFS
INC., GULFSIDE CASINO
PARTNERSHIP and JOHN CARLTON DEAN

VERSUS                                       CAUSE NO. A2401-16-45

MISSISSIPPI POWER COMPANY                                DEFENDANT

---

### ORDER GRANTING ADMISSION OF COUNSEL *PRO HAC VICE*

---

This cause having come before the Court on the Motion to Allow Admission of Counsel *Pro Hac Vice* of Michael John Avenatti to appear *pro hac vice* as additional counsel for the Plaintiffs, Biloxi Freezing & Processing, Inc., Gulfside Casino Partnership and John Carlton Dean, and the Court having reviewed same and otherwise being duly advised in the premises finds the Motion is well taken and should be granted. It is therefore,

**ORDERED and ADJUDGED** that Michael John Avenatti may appear *pro hac vice* as additional counsel for the Plaintiffs in the above-styled and numbered cause of action.

**SO ORDERED and ADJUDGED** this the _28th_ day of March, 2016.

_____
HONORABLE CHRISTOPHER L. SCHMIDT
CIRCUIT COURT JUDGE

Page 1 of 2

FILED

MAR 28 2016

CONNIE LADNER
CIRCUIT CLERK
BY:_____

JOE SAM OWEN (Bar No. 3965)
ROBERT P. MYERS, JR. (Bar No. 9007)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
OWEN BUILDING
POST OFFICE DRAWER 420
GULFPORT, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 868-2813
Email: jso@owen-galloway.com

Michael J. Avenatti  (MS Bar No. 994592)
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:       mavenatti@eaganavenatti.com
Telephone:   949-706-7000
Facsimile:   949-706-7050